## BRISTOL & WARREN GAS COMPANY

v.

### Edward F. BURKE et al.

### No. 79-363-M.P.

Supreme Court of Rhode Island.

April 21, 1982.

Coffey, McGovern, Noel & Novogroski, John G. Coffey, Jr., W. Kenneth O'Donnell, Providence, for petitioner.

Dennis J. Roberts, II, Atty. Gen., John R. McDermott, Faith A. La Salle, Sp. Asst. Attys. Gen., for respondents.

Carol A. Marine, Carl I. Freedman, Rhode Island, Legal Services, Inc., Providence, for intervenor, The Coalition for Consumer Justice.

## OPINION

BEVILACQUA, Chief Justice.

This matter is before the court on a petition for certiorari brought by the Bristol

---

and Warren Gas Company (the company) pursuant to G.L. 1956 (1977 Reenactment) § 39–5–1 to review an order of the Public Utility Commission (the commission) denying the company's request for emergency rate relief. The company initiated proceedings for such relief before the Division of Public Utilities and Carriers (the division) pursuant to § 39–3–13 [1] on August 29, 1979. At a conference held that day, the administrator of the division (the administrator) indicated that the matter would probably be referred to the commission, which is also authorized to rule on emergency rate changes under § 39–1–32.[2]

On September 5, 1979, the commission convened a hearing to determine whether emergency rate relief was required. After hearing testimony presented by the company and by the division, the commission found that no emergency in the financial affairs of the company existed. Accordingly, the commission issued the order denying relief which the company brings before this court for review.

█ The sole issue presented is whether the commission lacked jurisdiction to issue an order denying the company emergency rate relief because the company had petitioned the division for such relief pursuant to § 39–3–13.[3]

The company argues that although § 39–1–32 authorizes the commission to determine whether or not an emergency rate change is required, the commission lacks jurisdiction to make such a determination once a utility initiates proceedings before the division under § 39–3–13. We find this argument to be without merit.

Under both § 39–3–13 and § 39–1–32 a utility may obtain temporary relief only if the responsible administrative authority determines that an emergency exists. In *Providence Gas Co. v. Public Utilities Commission*, 116 R.I. 225, 228, 354 A.2d 413, 415 (1976), we stated that the commission may not act under § 39–1–32 unless it finds that a "utility is faced with a sudden unanticipated fiscal crisis * * *." In *Gardiner v. Kennelly*, 79 R.I. 367, 89 A.2d 184 (1952), we held that a petition to the administrator for emergency relief must be dismissed if the administrator finds that no emergency has been shown. Thus, the company suffered no prejudice as a result of the administrator's decision to refer to the commission the question of whether or not emergency relief was required.

█ Although the company initiated proceedings before the administrator pursuant to § 39–3–13, it is well settled that granting relief under that section is discretionary rather than mandatory. See *Providence Gas Co. v. Burke*, 119 R.I. 487, 500 n.3, 380 A.2d 1334, 1341 n.3 (1977). We find nothing in the language of § 39–3–13 that suggests that the initiation of proceedings

---

1. General Laws 1956 (1977 Reenactment) § 39–3–13 provides:

   "The said division shall have power, when deemed by it necessary to prevent injury to the business or interest of the people or any public utility of this state in case of any emergency to be judged of by the said division, to permit any public utility to temporarily alter, amend or suspend any existing rates, schedules and order relating to or affecting any public utility or part of any public utility in this state."

2. Section 39–1–32 provides:

   "Any general or public law notwithstanding, the commission, when it determines that public safety so requires, or that failure to act immediately will result in irreparable injury to the public interest, or that an emergency exists in the financial affairs of a public utility which, if not met immediately, will interfere with the accommodations, convenience and welfare of the people, may issue an order effective immediately, but for temporary duration, until formal notice be given and a hearing had of the parties in interest."

3. The commission alleges that inasmuch as the company has obtained a rate increase under the normal rate-setting procedures while it pursued review of the denial of its request for emergency relief in this court, the instant controversy is moot. Although the court usually will consider only cases presenting live issues, the company's petition raises an issue of great public importance which is capable of repetition and evading review. Accordingly, mootness does not bar the court from deciding this case. See, *Mello v. Superior Court*, 117 R.I. 578, 370 A.2d 1262 (1977); *Lemoine v. Martineau*, 115 R.I. 233, 342 A.2d 616 (1975); *Chase v. Burns*, 114 R.I. 485, 335 A.2d 334 (1975).

thereunder bars the commission from exercising jurisdiction over such matters pursuant to § 39–1–32. Accordingly, we hold that the division did not abuse its discretion in referring to the commission the determination of whether the company was entitled to emergency rate relief. In so holding, we construe the jurisdiction vested in the division and the commission by the respective sections of title 39 to be concurrent rather than exclusive.

The petition for certiorari is denied, the writ heretofore issued is quashed, the order of the commission is affirmed, and the record is returned to the commission with our decision endorsed thereon.